MURDOCK, Justice
(dissenting).
The main opinion reverses the trial court’s order of dismissal because it concludes that the 14-day-notice requirement of Rule 4(b), Ala. R. Civ. P., was not met. Rule 41(b), Ala. R. Civ. P., however, expresses no such 14-day-notice requirement in providing that “[f]or failure of the plaintiff to prosecute or comply with these rules” the trial court may order the involuntary dismissal of a complaint. Nothing in the language of Rule 41(b) or Rule 4(b) indicates that Rule 41(b) could not apply in a case such as this. Indeed, Rule 41(b), which by its terms does not differentiate between dismissals with prejudice and dismissals without prejudice, remains the only way in which a dismissal “with prejudice” can be achieved for an undue delay in service of a complaint. Because the rules provide no definition of the phrase used in Rule 41(b), “failure ... to prosecute,” whether the plaintiff’s delay in accomplishing service has been long enough to warrant a dismissal under Rule 41(b) is subject to dispute in any given case. Rule 4(b) appears to be merely an attempt to provide some structure to the analysis, creating a presumption that 120 days is long enough, at least for purposes of a dismissal without prejudice. In the present case, of course, the delay went well beyond the 120-day mark, and dismissal, for all that appears, was warranted under either Rule 4(b) or Rule 41(b).
The main opinion bases its conclusion on the notion that the trial court dismissed the plaintiffs’ action under only Rule 4(b), however. I find no support for this conclusion in the trial court’s order or elsewhere in the record. Among other things, the trial court did not cite Rule 4(b) as the basis for its order. If the trial court’s order was authorized by any rule of procedure, then it was authorized. Given the length of time during which the plaintiffs failed to serve the complaint, the limited efforts at such service in relation to that *429 length of time, and the absence of any compelling reason for that delay expressed by the plaintiffs in any of their filings, I believe the trial court acted within its discretion in dismissing the complaint on the authority of Rule 41(b).
Aside from the foregoing, the sequence of events in this particular case, including the trial court’s reconsideration on two occasions of its order of dismissal more than 14 days after being requested by the plaintiffs to do so, appears to satisfy even the prerequisite in Rule 4(b) of 14 days’ notice prior to a dismissal.
SHAW, J., concurs.